UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


FRANK WATERHOUSE,

        Plaintiff,

      v.                         Civil  No. 07-1716-HA

OFFICER RONALD FRASHOUR,         ORDER
OFFICER JOSHUA BOCCHINO,
OFFICER JENNIFER MUSSER,
OFFICER JACK BLAZER,

        Defendants.

_____


HAGGERTY, District Judge:

      Plaintiff brought suit against defendants under 42 U.SC. § 1983.  On September 18,

2009, a jury returned a verdict against defendants Ronald Frashour and Joshua Bocchino for

their use of excessive force in seizing plaintiff Frank Waterhouse.  Plaintiff now advances a

Motion for an Award of Attorney Fees [97].  After reviewing the briefing and all declarations,

this court determined that oral argument is unnecessary.  For the following reasons, plaintiff's

Motion for an Award of Attorney Fees is granted in part.

1  - ORDER

**DISCUSSION**

Pursuant to 42 U.SC. § 1988(b) this court may, in its discretion, award reasonable

attorney fees to a party prevailing under 42 U.SC. § 1983.  To determine whether a request for

attorney fees is reasonable, the court must determine the "lodestar" amount - the number of

hours reasonably spent on the litigation multiplied by a reasonable hourly rate.  *Pennsylvania v.*

*Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986); *Jordan v.*

*Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987).   Although the lodestar figure is

presumptively reasonable, the court may adjust that amount after considering the factors set forth

in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67 (9th Cir. 1975).  *Morales v. City of San Rafael*,

96 F.3d 359, 363-64 (9th Cir. 1996).

Defendants objects to plaintiff's request for attorney fees as unreasonable.  Specifically,

defendants object to the hourly rates requested by plaintiff's attorneys Benjamin Haile (Haile)

and J. Clay McCaslin (McCaslin), and to the number of hours spent litigating this matter.[1]

Defendants also contend that plaintiff's "partial success" should result in a further reduction in

the amount of attorney fees and costs awarded.

This court has examined all of defendants' objections; most are without merit, and those

objections are overruled without further comment.

**1.     Hourly Rates**

The court uses the 2007 Oregon State Bar Economic Survey as an initial benchmark to

determine whether an attorney's requested rate is reasonable.  Both Haile and McCaslin have

---

[1] This court notes that the number of hours required to try this matter by plaintiff's counsel could
have been greatly reduced had defendants accepted plaintiff's settlement offers.  Defendants'
refusal to participate in settlement negotiations in this case is puzzling.

2  - ORDER

requested compensation rates at the higher end of the range provided for in the Economic

Survey.  In support of their request, plaintiff's counsel cite the positive result obtained at trial and

the alleged difficulty of trying this case.  Defendants assert that given the relative experience of

each attorney, and the simple nature of this case, that counsel's requested rates should be

reduced.

This court has reviewed counsels' performance during trial, as well as all relevant factors

regarding the determination of a proper rate.  After this review and analysis, this court concludes

that Haile is entitled to a reasonable hourly rate of $210 and McCaslin is entitled to a reasonable

hourly rate of $225.

**2.      Clerical Work**

Defendants object to various time entries submitted by both attorneys asserting that the

work completed was of a clerical, rather than legal, nature.  Haile concedes that he erroneously

claimed 4.2 hours of clerical work.  This court has reviewed Haile's billing statement and

determines that a further 4.1 hours was included erroneously and that a total of 8.3 hours must be

subtracted from Haile's fee petition.  The court has also reviewed McCaslin's billing statement

and determines that 2.1 hours of time should be subtracted as clerical work.  This court also

grants defendants' objections to .3 hours of time billed by attorney Leah Greenwald.

**3.      Consultation with Attorneys not Associated with the Case**

Defendants contend that it is unreasonable to bill for time spent consulting with outside

attorneys.  As a general matter, nothing precludes an attorney from consulting with other

attorneys while diligently representing his or her client.  However, the court has reviewed both

Haile's and McCaslin's billing statements and finds that several entries submitted by Haile did

not constitute legal work.  Therefore the court subtracts .8 hours from Haile's fee petition.

3  - ORDER

**4.     Entries Not Associated with this Case**

Defendants contend that plaintiff's attorneys included billing entries for time spent working on issues not directly associated with the litigation before this court.  Defendants' objection is granted with respect to .2 hours billed by Ms. Greenwald for time spent obtaining a search warrant that appears unrelated to the issues litigated in this court.

**5.     Partial Success**

When a plaintiff prevails on some, but not all of his or her claims, the court must utilize a two-step test to determine whether plaintiff should recover fees for time spent litigating those claims.  *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003).  First the court must determine whether the claims are related to the claims on which he or she prevailed.  *Id.*  A claim is unrelated it if is "entirely distinct and separate from the claims on which the plaintiff prevailed."  *Id*. (quotation and citation omitted).  Hours expended on unrelated and unsuccessful claims are not recoverable.  *Id*.  Second, the court must "consider whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'"  *Id*. (citation omitted).

Under the test described above, the only issue plaintiff litigated unsuccessfully that was "entirely distinct and separate" from the claims on which he prevailed, was plaintiff's "unreasonable threat" claim.  Accordingly, the court subtracts 2.2 hours from Haile's billing statement for time spent litigating the "unreasonable threat" claim.

/ / / /

/ / / /

/ / / /

/ / / /

4  - ORDER

**CONCLUSION**

  For the foregoing reasons, plaintiff's Motion for Attorney Fees [97] is GRANTED IN

PART.  Plaintiff is awarded $143,253.00 in attorney fees and expenses in the amount of

$3,558.26.  Plaintiff may submit a supplemental motion for attorney fees for time spent litigating

this motion.

  IT IS SO ORDERED.

  Dated this   12   day of November, 2009.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

5  - ORDER